UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SIEW HIAN LEE,  )
Individually and on behalf of  )
All Others Similarly Situated,  )
　　　　　　　　　　　　　　　)
　　　　Plaintiff(s),  )
　　　　　　　　　　　　　　　)
　vs.  )　　Case No. 4:05CV1216 JCH
　　　　　　　　　　　　　　　)
CITIMORTGAGE, INC.,  )
　　　　　　　　　　　　　　　)
　　　　Defendant(s).  )

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand, filed September 2, 2005. (Doc. No. 9). The matter is fully briefed and ready for disposition.

## BACKGROUND

By way of background, Plaintiff filed her original Class Action Petition ("Petition") in this matter in the Circuit Court of the City of St. Louis, Missouri, on April 30, 2004. (Petition, attached to Defendant's Notice of Removal).[1] In her original Petition, Plaintiff purported to bring suit on behalf of herself and a "proposed Plaintiff Class," defined in relevant part as follows:

> All persons or entities in the United States who opened a loan with CitiMortgage where CitiMortgage or its agents (1) failed to apply mortgage payment(s) that were sent in, (2) failed to pay property taxes out of escrow accounts or (3) delayed payment of refunds from escrow accounts.

(Petition, ¶ 12). Plaintiff continued to assert the following causes of action: Count I: Violation of the Missouri Merchandising Practices Act ("MMPA"); Count II: Unjust Enrichment and Restitution; and Count III: Breach of Contract. (Id., ¶¶ 32-51).

---

[1] On November 8, 2004, the parties stipulated to the transfer of this action to the Circuit Court of St. Louis County, Missouri.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

In an Order entered June 27, 2005, Judge Colleen Dolan, of the Circuit Court of St. Louis County, Missouri, granted Defendant's Motion to Dismiss Plaintiff's Petition. (Order, attached to Defendant's Notice of Removal as Exh. A). Judge Dolan further granted Plaintiff fifteen days within which to file an amended Petition, "setting forth with specificity factual allegations, including dates, which show she is entitled to relief." (Id.).

Plaintiff filed her First Amended Class Action Petition ("Amended Petition") on July 5, 2005, a date within the fifteen day period granted by Judge Dolan. (Amended Petition, attached to Defendant's Notice of Removal as Exh. B). In her Amended Petition, Plaintiff did not change the definition of her proposed class. (Compare Petition, ¶ 12, and Amended Petition, ¶ 13). Further, Plaintiff added neither new Defendants nor new claims in her Amended Petition; rather, the only difference between the original and amended petitions involves the specificity of the named Plaintiff's factual allegations. (Compare Petition, ¶¶ 29-31, and Amended Petition, ¶¶ 29-43).

Defendant removed Plaintiff's Amended Petition to this Court on August 4, 2005. (Doc. No. 1). Defendant maintains this action is removable pursuant to the Class Action Fairness Act ("CAFA"), enacted February 18, 2005. (Id., ¶¶ 6-9). CAFA Section 4 permits removal of class action suits in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs," and in which, "any member of a class of plaintiffs is a citizen of a State different from any defendant." See 28 U.S.C. § 1332(d)(2)(A). CAFA Section 9 states that it applies to, "any civil action commenced on or after the date of enactment of this Act." See Pub. L. 109-2, § 9.

In its Notice of Removal, Defendant maintains Plaintiff's filing of her Amended Petition on July 5, 2005, effectively "commenced" a new case, removable pursuant to CAFA. (Notice of Removal, ¶ 2). Plaintiff conversely maintains the Amended Petition represents only a continuation

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

of her original suit, filed April 30, 2004, prior to CAFA's effective date. (Plaintiff's Motion to Remand, ¶¶ 7-8).

## DISCUSSION[2]

As stated above, CAFA authorizes the removal of specified class action law suits that are "commenced" on or after February 18, 2005. Judy, 2005 WL 2240088 at *2. "An action is 'commenced' for purposes of the CAFA when it is filed in state court." Id., citing Knudsen v. Liberty Mut. Ins. Co., 411 F.3d 805, 806 (7th Cir. 2005).

Defendant asserts that because Plaintiff's original suit was dismissed, the filing of her Amended Petition constituted the commencement of a new case, subject to removal under CAFA. (Defendant's Notice of Removal, ¶ 2). Upon consideration, the Court does not agree. Specifically, the Court finds that Judge Dolan's Order granting Defendant's Motion to Dismiss did not represent a final judgment of dismissal, terminating the case and subject to appeal. See Mo. R. Civ. P. 67.06; see also Jordan v. City Of Kansas City, 972 S.W.2d 319, 322-23 (Mo. App. 1998); Carey v. Pulitzer Pub. Co., 859 S.W.2d 851, 854 (Mo. App. 1993); Cockrell v. Pleasant Valley Baptist Church, 762 S.W.2d 879, 880 (Mo. App. 1989). Rather, because Judge Dolan granted Plaintiff leave to amend, the original suit continued in state court after the dismissal.

Thus, the question this Court must consider is whether Plaintiff's Amended Petition contains a sufficient number of new allegations to be deemed the commencement of new litigation.[3] Judy,

---

[2] The parties devote a portion of their submissions to a discussion of whether the burden of proof on the issues of removal and remand rests with Plaintiff or Defendant. Upon consideration, the Court finds it need not reach this issue, as it can resolve the question of whether Plaintiff's amendment of her Petition commenced a new case for purposes of removal under CAFA simply by viewing the original and amended state court petitions. Judy v. Pfizer, Inc., 2005 WL 2240088 at *2 (E.D. Mo. Sept. 14, 2005).

[3] In Knudsen, the Seventh Circuit observed that, "a new development in a pending suit no more commences a new suit than does its removal. Plaintiffs routinely amend their complaints, and

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

2005 WL 2240088 at *3. In Knudsen, the Seventh Circuit recognized that the answer to such an inquiry may be, "modeled on Fed.R.Civ.P. 15(c), which specifies when a claim relates back to the original complaint (and hence is treated as part of the original suit) and when it is sufficiently independent of the original contentions that it must be treated as fresh litigation." Knudsen, 411 F.3d at 807 (citations omitted). "Rule 15(c) states that an amendment of a pleading relates back to the original pleading when the claim 'asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading....'" Judy, 2005 WL 2240088 at * 3, quoting Fed.R.Civ.P. 15(c).

Upon review, the Court finds Plaintiff's Amended Petition does relate back to her original pleading under Rule 15(c). Specifically, the initial paragraph of both pleadings states that, "[t]his class action lawsuit alleges a violation of the Missouri Merchandising Practices Act ("MMPA"), § 407.020 R.S.Mo. 2001 and asserts causes of action for breach of contract and unjust enrichment." The Amended Petition adds additional factual allegations which elaborate Plaintiff's original claims; "[t]hey do not change the substance of those claims but merely provide further information." Judy, 2005 WL 2240088 at * 3. Thus, the filing of Plaintiff's Amended Petition does not equate to the commencement of a new case under CAFA. Id. As a result, Defendant's removal of this case under CAFA was unwarranted, and the case will be remanded to state court. Id.[4]

## CONCLUSION

---

proposed class definitions, without any suggestion that they have restarted the suit...." Knudsen, 411 F.3d at 806. However, "a new claim for relief (a new 'cause of action' in state practice), the addition of a new defendant, or any other step sufficiently distinct that courts would treat it as independent for limitations purposes, could well commence a new piece of litigation for federal purposes even if it bears an old docket number for state purposes." Id. at 807.

[4] The Court does not find that Defendant's removal of this action was in bad faith, as the law of removal under CAFA is in its developmental stages. Judy, 2005 WL 2240088 at *3. Thus, the Court will not award the costs and attorneys fees incurred by Plaintiff as a result of the removal.

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**, and this case is **REMANDED** to the Circuit Court of the County of St. Louis, State of Missouri. An appropriate Order of Remand will accompany this Order.

Dated this 5th day of October, 2005.

                                                /s/ Jean C. Hamiton
                                                UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com